## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

PCDC, Inc. d/b/a HEINOLD FEEDS,
an Indiana corporation,

        Plaintiff,

                                                  Hon. Paul L. Maloney, Chief Judge

v

                                                  Case No. 1:09-cv-155

MAPLE ROW DAIRY, a Michigan
partnership,

        Defendant.

_____/

## <u>JUDGMENT</u>

Plaintiff PCDC, Inc. d/b/a Heinold Feeds ("Plaintiff") and Defendant Maple Row Dairy ("Defendant"), through their respective counsel, having stipulated to the entry of this Judgment, and the Court being duly advised in the premises; Now, therefore,

**IT IS HEREBY ORDERED THAT:**

1.      Judgment is entered in favor of Plaintiff and against Defendant in the amount of $375,243.52.

2.      This Judgment shall bear interest at the federal post-judgment interest rate from February 23, 2009 in accordance with 28 U.S.C. § 1961.

3.      Enforcement of this Judgment is subject to the parties' Forbearance and Settlement Agreement, which is attached hereto and made a part hereof.


Date: November 3, 2010        /s/    Paul L. Maloney
                                          Paul L. Maloney
                                        Chief United States District Judge

## FORBEARANCE AND SETTLEMENT AGREEMENT

Plaintiff PCDC, Inc. d/b/a Heinold Feeds ("Plaintiff"), and Defendant Maple Row Dairy, a Michigan partnership ("Defendant"), for their Forbearance and Settlement Agreement (the "Agreement"), stipulate and agree as follows:

1. This Agreement is entered into in conjunction with and is to be made a part of a stipulated judgment to be entered in the case styled *PCDC, Inc. d/b/a Heinold Feeds v. Maple Row Dairy*, Case No. 1:09-CV-00155, United States District Court, Western District of Michigan (the "Lawsuit").

2. The parties have arrived at an understanding with reference to a settlement of their differences in this Lawsuit to avoid further expense and the risk of litigation. The exclusive terms for that understanding are set forth in writing herein, and all other written agreements or oral discussions between the parties regarding settlement are hereby merged into this Agreement.

3. Plaintiff and Defendant agree to the entry of a judgment in favor of Plaintiff and against Defendant in the amount of $375,243.52 plus interest from February 23, 2009 at the federal post-judgment interest rate (the "Judgment"), subject to the terms of this Agreement.

4. Defendant shall make the following payments to Plaintiff:

(a)     Defendant shall pay Plaintiff $25,000.00 at the time of the execution of this Agreement, and an additional $25,000.00 on or before February 1, 2011.

(b)     In addition to the payments required under sub-paragraph (a), Defendant shall pay Plaintiff $300,000.00 plus interest at the rate of 8.0% per year in monthly payments over three (3) years according to the amortization schedule attached hereto as **Exhibit A** with the first payment due November 1, 2010 and successive payments being due by the first of each month thereafter. Payments must be <u>received</u> by Plaintiff by the date listed in the column entitled "Payment Date" on the amortization schedule attached as **Exhibit A**. Payments shall be sent to Plaintiff at its notice address specified below.

(c)     An "Event of Default" under this Agreement shall be deemed to have occurred if (i) Defendant fails to timely make any payment called for under this Agreement that is not timely cured as provided in this Agreement; and/or (ii) Defendant files for bankruptcy relief or makes a general assignment for the benefit of creditors.

(d)     If Defendant fails to timely make any payment required by this Agreement then Plaintiff may give notice to Defendant of such default and Defendant shall have seven (7) days from the date the notice is given in which to cure the default.  However, Defendant shall be allowed a maximum of three (3) such defaults for the payments due each 12-month period starting October 1, 2010.

5.  All notices required or permitted to be given under this Agreement shall be given by first class mail, overnight delivery or hand-delivery to the parties at the following addresses:

| If to Plaintiff: | If to Defendant: |
|---|---|
| PCDC, Inc.<br>Attn: John Magurean<br>2000 Comeford Road, Suite 1<br>Valparaiso, IN 46383 | John Hardy<br>113 Lee Rd.<br>Saranac, MI 48881 |

Notices sent by first class mail or overnight delivery shall be deemed given when mailed or delivered to the overnight delivery service, respectively, and in all other cases, when actually received.  A party may designate a different address for future notices by sending written notice to the other party.

6.  Provided there is no Event of Default, Plaintiff shall forbear from enforcing the Judgment.  If Defendant fully performs this Agreement with no Event of Default then the Judgment shall be deemed satisfied and Defendant shall have the right to have a satisfaction of judgment filed with the Court by Plaintiff.

2

7. If there is an Event of Default then Plaintiff may enforce the Judgment to the fullest extent possible, but must give Defendant full credit for all payments made under this Agreement.

8. The Judgment shall remain enforceable for the time needed by the parties to perform this Agreement and need not be renewed.

9. This Agreement is effective upon entry of the Judgment in the Lawsuit.

10. This Agreement represents and contains the entire agreement and understanding between the parties and all previous statements or understandings, whether express or implied, oral or written, relating to the subject matter of this Agreement are fully and completely extinguished and superseded by this Agreement. Further, this Agreement shall not be altered or varied except by a writing fully executed by the parties. The parties agree to execute any documents necessary to give effect to this Agreement.

11. In entering into this Agreement, the parties represent that they have relied upon the advice of their respective attorneys, who are the attorneys of their own choice; and that the terms of the Agreement have been interpreted, completely read, and explained to them by their attorneys; and that those terms are fully understood and voluntarily accepted.

12. The parties acknowledge that they have completely read the terms of this Agreement, and that they fully understand and voluntarily accept its terms.

13. The parties acknowledge and agree that they have made their decision to settle this action based upon their own judgment and knowledge, and that they have executed this Agreement voluntarily and without reliance upon any representations from counsel which have induced them to accept this Agreement contrary to their own judgment and interests.

14. This Agreement may, but need not, be executed in duplicate original counterparts with the same force and effect as if all signatures were set forth on a single instrument.

3

15. This Agreement shall be governed by and construed in accordance with the laws of the State of Michigan.

16. No amendment, interpretation, waiver or termination of any of the provisions of this Agreement shall be effective unless made in writing and signed by the parties to this Agreement or their heirs, successors, or assigns.

17. This Agreement becomes effective as of the date the Judgment is entered.

| ANDREW J. GERDES, PLC<br>Attorneys for Plaintiff<br><br>By: _Andrew Gerdes_<br>Andrew J. Gerdes (P47593)<br><br>Dated: _10/15/10_ | FOSTER SWIFT COLLINS & SMITH, PC<br>Attorneys for Defendant<br><br>By:_____<br>Scott A. Chernich (P48893)<br>Ronald D. Richards, Jr. (P61007)<br><br>Dated: _____ |
|---|---|
| "Plaintiff"<br><br>PCDC, INC., d/b/a Heinold Feeds<br><br>By: _John Magarean_<br>John Magarean<br><br>Its:_President_____<br><br>Dated: _10-12-10_ | "Defendant"<br><br>MAPLE ROW DAIRY, a Michigan partnership<br><br>By:_____<br><br>_____ (print)<br>Its: _Partner_____<br>Dated: _____<br><br>and<br><br>By:_____<br><br>_____ (print)<br>Its: _Partner_____<br><br>Dated: _____ |

4

15. This Agreement shall be governed by and construed in accordance with the laws of the State of Michigan.

16. No amendment, interpretation, waiver or termination of any of the provisions of this Agreement shall be effective unless made in writing and signed by the parties to this Agreement or their heirs, successors, or assigns.

17. This Agreement becomes effective as of the date the Judgment is entered.

| ANDREW J. GERDES, PLC<br>Attorneys for Plaintiff<br><br>By:_____<br>    Andrew J. Gerdes (P47593)<br><br>Dated: _____ | FOSTER SWIFT COLLINS & SMITH, PC<br>Attorneys for Defendant<br><br>By:_____<br>    Scott A. Chernich (P48893)<br>    Ronald D. Richards, Jr. (P61007)<br><br>Dated: _11 - 2 - 10_____ |
| --- | --- |
| "Plaintiff"<br><br>PCDC, INC. d/b/a Heinold Feeds<br><br>By:_____<br>    John Magurean<br><br>Its: _President_____<br><br>Dated: _____ | "Defendant"<br><br>MAPLE ROW DAIRY, a Michigan partnership<br><br>By:_____<br>_John Hardy_ (print)<br>Its: _Partner_____<br>Dated: _10/18/10_____<br><br>and<br><br>By:_____<br>_James Hardy_ (print)<br>Its: _Partner_____<br>Dated: _10/18/10_____ |

4

# *SETTLEMENT AMORTIZATION SCHEDULE*

**PCDC, Inc. d/b/a Heinold Feeds/Maple Row Dairy settlement**   **Terms:**
**$300,000.00 at 8.0% for 3 years**

| Pmt # | Payment Date | Scheduled Payment | Interest Portion of Scheduled Payment | Principal Portion of Scheduled Payment | Additional Principal Payment | Principal Balance | YTD Interest |
|---|---|---|---|---|---|---|---|
| | | | | | | 300,000.00 | |
| 1 | 11/2010 | 9,400.91 | 2,000.00 | 7,400.91 | | 292,599.09 | 2,000.00 |
| 2 | 12/2010 | 9,400.91 | 1,950.66 | 7,450.25 | | 285,148.84 | 3,950.66 |
| 3 | 1/2011 | 9,400.91 | 1,900.99 | 7,499.92 | | 277,648.92 | 1,900.99 |
| 4 | 2/2011 | 9,400.91 | 1,850.99 | 7,549.92 | | 270,099.00 | 3,751.98 |
| 5 | 3/2011 | 9,400.91 | 1,800.66 | 7,600.25 | | 262,498.75 | 5,552.64 |
| 6 | 4/2011 | 9,400.91 | 1,749.99 | 7,650.92 | | 254,847.83 | 7,302.63 |
| 7 | 5/2011 | 9,400.91 | 1,698.99 | 7,701.92 | | 247,145.91 | 9,001.62 |
| 8 | 6/2011 | 9,400.91 | 1,647.64 | 7,753.27 | | 239,392.64 | 10,649.26 |
| 9 | 7/2011 | 9,400.91 | 1,595.95 | 7,804.96 | | 231,587.68 | 12,245.21 |
| 10 | 8/2011 | 9,400.91 | 1,543.92 | 7,856.99 | | 223,730.69 | 13,789.13 |
| 11 | 9/2011 | 9,400.91 | 1,491.54 | 7,909.37 | | 215,821.32 | 15,280.67 |
| 12 | 10/2011 | 9,400.91 | 1,438.81 | 7,962.10 | | 207,859.22 | 16,719.48 |
| 13 | 11/2011 | 9,400.91 | 1,385.73 | 8,015.18 | | 199,844.04 | 18,105.21 |
| 14 | 12/2011 | 9,400.91 | 1,332.29 | 8,068.62 | | 191,775.42 | 19,437.50 |
| 15 | 1/2012 | 9,400.91 | 1,278.50 | 8,122.41 | | 183,653.01 | 1,278.50 |
| 16 | 2/2012 | 9,400.91 | 1,224.35 | 8,176.56 | | 175,476.45 | 2,502.85 |
| 17 | 3/2012 | 9,400.91 | 1,169.84 | 8,231.07 | | 167,245.38 | 3,672.69 |
| 18 | 4/2012 | 9,400.91 | 1,114.97 | 8,285.94 | | 158,959.44 | 4,787.66 |
| 19 | 5/2012 | 9,400.91 | 1,059.73 | 8,341.18 | | 150,618.26 | 5,847.39 |
| 20 | 6/2012 | 9,400.91 | 1,004.12 | 8,396.79 | | 142,221.47 | 6,851.51 |
| 21 | 7/2012 | 9,400.91 | 948.14 | 8,452.77 | | 133,768.70 | 7,799.65 |
| 22 | 8/2012 | 9,400.91 | 891.79 | 8,509.12 | | 125,259.58 | 8,691.44 |
| 23 | 9/2012 | 9,400.91 | 835.06 | 8,565.85 | | 116,693.73 | 9,526.50 |
| 24 | 10/2012 | 9,400.91 | 777.96 | 8,622.95 | | 108,070.78 | 10,304.46 |
| 25 | 11/2012 | 9,400.91 | 720.47 | 8,680.44 | | 99,390.34 | 11,024.93 |
| 26 | 12/2012 | 9,400.91 | 662.60 | 8,738.31 | | 90,652.03 | 11,687.53 |
| 27 | 1/2013 | 9,400.91 | 604.35 | 8,796.56 | | 81,855.47 | 604.35 |
| 28 | 2/2013 | 9,400.91 | 545.70 | 8,855.21 | | 73,000.26 | 1,150.05 |
| 29 | 3/2013 | 9,400.91 | 486.67 | 8,914.24 | | 64,086.02 | 1,636.72 |
| 30 | 4/2013 | 9,400.91 | 427.24 | 8,973.67 | | 55,112.35 | 2,063.96 |
| 31 | 5/2013 | 9,400.91 | 367.42 | 9,033.49 | | 46,078.86 | 2,431.38 |
| 32 | 6/2013 | 9,400.91 | 307.19 | 9,093.72 | | 36,985.14 | 2,738.57 |
| 33 | 7/2013 | 9,400.91 | 246.57 | 9,154.34 | | 27,830.80 | 2,985.14 |
| 34 | 8/2013 | 9,400.91 | 185.54 | 9,215.37 | | 18,615.43 | 3,170.68 |
| 35 | 9/2013 | 9,400.91 | 124.10 | 9,276.81 | | 9,338.62 | 3,294.78 |
| 36 | 10/2013 | 9,400.88 | 62.26 | 9,338.62 | | - | 3,357.04 |

**Exhibit A**